**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4571

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCOTT WILLIAM JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg. Irene M. Keeley, Chief
District Judge. (1:05-cr-00107-IMK-2)

Submitted: November 30, 2006      Decided: January 23, 2007

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Zimarowski, Morgantown, West Virginia, for Appellant.
Rita R. Valdrini, Acting United States Attorney, Shawn Angus
Morgan, Assistant United States Attorney, Clarksburg, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott William Jones pled guilty to aiding and abetting the distribution of crack cocaine within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860 (2000), and was sentenced to eighty-four months in prison. Jones now appeals his sentence. We affirm.

Jones contends that the district court did not adequately take into consideration his lack of guidance as a youth and his history of drug and alcohol addiction when it imposed sentence. Jones believes that, had these factors been considered properly, the court would have imposed a lower sentence.

At sentencing, the district court considered Jones' argument but rejected it. The court recognized Jones' need for substance abuse treatment and expressed concern that Jones take his participation in a long-term drug treatment program seriously. The court concluded that Jones' drug dependency and criminal history were similar to those of offenders who had frequently appeared before the court and that a departure below the advisory guideline range was not warranted. The court decided that a sentence within the properly calculated advisory guideline range of 84-105 months was appropriate and sentenced Jones to eighty-four months in prison. In arriving at this sentence, the court took into consideration the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).

We review a sentence imposed after <u>United States v. Booker</u>, 543 U.S. 220 (2005), to determine whether the sentence is "within the statutorily prescribed range and reasonable." <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005).[1] "[A] sentence within the proper advisory guideline range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted).[2] "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439).

Here, Jones failed to rebut the presumption. At sentencing, the district court considered and rejected his contention that he should be sentenced below the advisory guideline range based on his lack of guidance as a youth and his substance abuse problems. Further, the court took the § 3553(a) factors into account. We conclude that Jones' sentence was reasonable "[b]ecause the district court properly calculated the advisory

---

[1] Jones does not contend that his sentence was outside the statutorily prescribed range. We note that the sentence falls well below the statutory maximum of forty years to which he was subject. <u>See</u> 21 U.S.C. §§ 841(b)(1)(C), 860.

[2] Similarly, Jones does not attack the calculation of the advisory guideline range. Nor would such an attack be successful, as our review of the record establishes that the range was correctly calculated.

Guidelines range and adequately considered the § 3553(a) factors." See United States v. Johnson, 445 F.3d at 346.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED